UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KARLA C. CHAISSON | CIVIL ACTION |
| VERSUS | NO. 18-11859 |
| JENNIFER R. ALLEN, *et al.* | SECTION: M (2) |

### ORDER & REASONS

On February 6, 2019, defendant-in-reconvention the United States of America ("USA") filed a motion to dismiss seeking dismissal of the reconventional demand filed by plaintiff-in-reconvention Jennifer R. Allen ("Allen") on the grounds that Allen failed to exhaust her administrative remedies before instituting a civil action against the USA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.[1] The motion was set for submission on February 28, 2019.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. Allen, who is represented by counsel, has not filed a memorandum in opposition to the aforementioned motion to dismiss.

Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,[3]

IT IS ORDERED that the USA's motion to dismiss Allen's reconventional demand is GRANTED, and Allen's claims against the USA are dismissed without prejudice.

---

[1] R. Doc. 74.
[2] R. Doc. 74-9.
[3] Exhaustion of administrative remedies is a jurisdictional prerequisite for bringing FTCA claims in federal court that cannot be waived. *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019)

IT IS FURTHER ORDERED that this matter is REMANDED to the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana.[4]

New Orleans, Louisiana, this 1st day of April, 2019.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　BARRY W. ASHE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[4] Allen's claims against the USA were the basis for this Court's subject-matter jurisdiction. R. Doc. 1. Because those claims are dismissed, this Court declines to exercise supplemental jurisdiction of the remaining state law claims between Chaisson and Allen. 28 U.S.C. § 1367. "'District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed.'" *Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Based on "common law factors of judicial economy, convenience, fairness, and comity," the Fifth Circuit has "elucidated the general rule that 'a [district] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Id.* (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).